2009 MAY -1 PM 12: 36  FILED
CLERK US BANKRUPTCY COURT

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------------------x
                                                                )
In re:                                                          )
                                                                )
UNITED ENERGY COAL, INC.,                                       )    Misc. Action No.:_____
                                                                )    Relating to Motion to Quash
                        Debtor.                                 )    Subpoena
                                                                )
---------------------------------------------------------------x
                                                                )
H. LYNDEN GRAHAM, as TRUSTEE                                    )    Chapter 7
of the estate of UNITED ENERGY                                  )    N.D.W.V. Bankr. Case No.
COAL, INC.,                                                     )    06- 00453
                                                                )    Hon. Patrick M. Flatley
                                                                )
                        Plaintiff,                              )    Adv. Proc. Nos. 08-00038
                                                                )    (Currently pending before the United
        v.                                                      )    States Bankruptcy Court for the
                                                                )    Northern District of West Virginia)
VIRGINIA ELECTRIC AND POWER CO.                                 )
d/b/a DOMINION VIRGINIA POWER,                                  )    (Administratively consolidated with
                                                                )    Adv. Proc. Nos. 08-00045,
                        Defendant.                              )    08-00041, and 08-00069 for
                                                                )    purposes of discovery and
                                                                )    dispositive motions)
                                                                )
---------------------------------------------------------------x

### MCGUIREWOODS LLP'S MOTION TO QUASH SUBPOENA OF H. LYNDEN GRAHAM, AS TRUSTEE OF THE ESTATE OF UNITED ENERGY COAL, INC. AND FOR PROTECTIVE ORDER

Pursuant to Rules 9016 and 7026 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), McGuireWoods LLP ("McGuireWoods") respectfully moves this Court for an order (i) quashing the subpoena *duces tecum* ("Subpoena") issued from this Court by Robert Lorea, attorney for H. Lynden Graham, as trustee ("Trustee") for plaintiff United Energy Coal, Inc. ("United") and directed to McGuireWoods LLP as litigation counsel to defendant Virginia Electric and Power Company, d/b/a Dominion Virginia Power ("DVP") and (ii)

prohibiting the Trustee and United from taking further efforts to subpoena the material sought by the Subpoena. A true and correct copy of the Subpoena is attached as Exhibit A to McGuireWoods's Memorandum of Law in support of this motion.

I.  **INTRODUCTION**

Pursuant to Bankruptcy Rule 9016, which makes Rule 45 of the Federal Rules of Civil Procedure applicable in all cases under the Bankruptcy Code, this Court has the authority to quash the Subpoena. *See* Fed. R. Civ. Pro. 45(c)(3)(A)(iii)-(iv) (The <u>issuing</u> court must quash or modify a subpoena that requires disclosure of privileged or other protected matter or subjects a person to undue burden.). On April 14, 2009, the Subpoena was issued from the United States Bankruptcy Court for the Western District of Pennsylvania by the Trustee commanding McGuireWoods (not the Defendant, DVP) to produce, among other things, privileged communications, work product and over 100,000 pages of documentation already produced by DVP and third parties. McGuireWoods voluntarily agreed to review its files and to produce its non-privileged materials responsive to the Trustee's requests that were not otherwise already produced by DVP or third parties. McGuireWoods then repeatedly requested the Subpoena be withdrawn during two telephonic meet and confer conferences and again in its timely written objections pursuant to Rule 45. *See* Exhibit B to Memorandum of Law in Support of Motion. The Trustee has repeatedly refused to withdraw the Subpoena, thereby necessitating the present motion.

II. **BRIEF BACKGROUND**

1.  Since approximately May 12, 2005, McGuireWoods has represented DVP in litigation filed in the Eastern District of Virginia, *Virginia Electric and Power Co., d/b/a*

*Dominion Virginia Power v. Buffalo Coal Co., Inc.,* Civ. Action No. 3:06CV164, which litigation predated the Adversary Proceedings (defined below).

2. On May 1, 2008, May 5, 2008, May 23, 2008 and August 8, 2008, a series of adversary proceedings (AP 08-00038, AP 08-00041, AP 08-00045 and 08-00069, respectively) were commenced ("Adversary Proceedings") in the United States Bankruptcy Court for the Northern District of West Virginia ("West Virginia Bankruptcy Court"). The Adversary Proceedings generally relate to disputes arising from coal agreements. Adversary Proceedings 08-00038 and 08-00045 involved both United and DVP.

3. United filed a voluntary petition for relief under chapter 11 of the title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* ("Bankruptcy Code") on May 31, 2006 ("Petition Date"). United's bankruptcy case was converted to Chapter 7 on June 13, 2007. On September 10, 2007, H. Lynden Graham was appointed as Chapter 7 trustee for United.

4. During the course of the Adversary Proceedings, the various parties, including the Trustee and DVP, conducted discovery. Through the discovery process, DVP produced to the Trustee more than 18,000 pages of its own files and an additional 127,952 pages received from third parties in the Adversary Proceedings, all of which the Trustee presently seeks *again* by its Subpoena.

5. On April 14, 2009, the Trustee issued the Subpoena from this Court requiring McGuireWoods to produce, *inter alia,* litigation files, internal memoranda and client correspondence. Nearly all of the information sought in the Subpoena is privileged or has already been produced by DVP or third parties. Nonetheless, in an effort to avoid a discovery dispute, McGuireWoods voluntarily agreed to produce the remaining non-privileged, responsive materials in its files. *See* Ltr. from McGuireWoods to the Trustee's counsel voluntarily agreeing

to produce non-privileged responsive materials and renewing request to withdraw Subpoena, attached at Exhibit B to the accompanying Memorandum of Law.

6.   As set forth in greater detail in the Memorandum of Law, McGuireWoods has made multiple attempts at resolving matters relating to the Subpoena but the Trustee has refused to amicably dispose of the issues.

### III.   RELIEF SOUGHT

7.   By its motion, McGuireWoods respectfully requests this Court to quash the Subpoena and bar further attempts to subpoena such documents or materials directly from McGuireWoods in this or any other jurisdiction. As more fully set forth in the attached Memorandum of Law, the materials sought by the Subpoena are protected from disclosure by the attorney-client privilege and the work product doctrine, per Federal Rule of Civil Procedure 26(b) (as incorporated by Bankruptcy Rule 7026) and applicable case law. Moreover, the non-privileged documents responsive to the Subpoena have all either voluntarily agreed to be produced by McGuireWoods or have been produced by McGuireWoods's client DVP in response to formal discovery requests. Accordingly, the Subpoena is unduly burdensome in requesting duplicative production of materials already produced by DVP and by third-parties and is impermissible to the extent it seeks the remaining privileged documents. Additionally, as acknowledged by the Trustee's counsel during a telephonic meet and confer, the time and expense that would be required to compile a detailed privilege log for each of these materials is unnecessary and unduly burdensome.

**WHEREFORE,** McGuireWoods respectfully requests this Court enter an order quashing the Subpoena and granting protective relief barring further requests for the material sought therein and such other relief as the Court deems appropriate.


Date: 5/1/2009                                  Respectfully submitted,

                                                __/s/ Michael J. Roeschenthaler__
                                                Michael J. Roeschenthaler (PA ID No. 87647)
                                                McGuireWoods LLP
                                                Dominion Tower
                                                625 Liberty Avenue, 23rd Floor
                                                Pittsburgh, Pennsylvania 15222-3142
                                                Telephone:  (412) 667-7905
                                                Facsimile:   (412) 667-6050